```
TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JUAN M. RODRIGUEZ (Cal. Bar No. 313284)
Assistant United States Attorney
General Crimes Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0304
     Facsimile: (213) 894-0141
     E-mail:   juan.rodriguez.usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 21-00173-PA-1 |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT SARAH REEVES |
| v. | Sentencing Date: 10/25/2021<br>Sentencing Time: 8:30 a.m.<br>Location: Courtroom of the Hon. Percy Anderson |
| SARAH REEVES, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Juan M. Rodriguez, hereby files its Sentencing Position regarding defendant Sarah Reeves ("defendant").

This sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Investigation Report (Dkt. 41), the plea agreement (Dkt. 33), and such further evidence and argument as the Court may permit.

The government reserves the right to file a response to any sentencing position filed or submitted by defendant and to file any

supplemental sentencing position that may be necessary.

Dated: October 4, 2021        Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division


           /s/
JUAN M. RODRIGUEZ
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Between 2014 and December 2018, defendant operated a fraudulent scheme in which she mailed packages to customers of her online business, Mountain View Creations ("MVC"), purchased insurance on the shipments from the United States Postal Service ("Postal Service"), then submitted false claims to the Postal Services, declaring that the packages had been damaged when in fact they had not been. Through this scheme, defendant and her codefendant submitted nearly 900 fraudulent claims and obtained at least $79,455 in insurance payouts from the Postal Service.  In August 2021, defendant pleaded guilty to Mail Fraud, in violation of 18 U.S.C. § 1341.  (Presentence Investigation Report ("PSR") ¶ 2; Dkt. 38.)

In the PSR, the United States Probation and Pretrial Services Office ("USPPSO") calculated a total offense level of 11 and a criminal history category of I, resulting in a Sentencing Guidelines range of eight to 14 months' imprisonment.  (PSR ¶¶ 24-34, 90.)  The government concurs with the USPPSO's calculations.

Consistent with its obligations in the plea agreement, and considering the sentencing factors laid out in 18 U.S.C. § 3553(a), the government recommends that Court impose a one-level downward variance, which would lower the total offense level to 10, and the Guidelines range to six to 12 months.  The government further recommends that the Court sentence defendant to a term of probation that includes a six-month period of home detention, and an order to pay $79,455 in restitution to the United States Postal Service and the $100 special assessment.

## II. FACTUAL BACKGROUND

At the change of plea hearing, and in the factual basis of her plea agreement, defendant admitted the following facts:

Between 2014 and December 2018, defendant knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud the United States Postal Service as to material matters, and to obtain money and property from the Postal Service by means of materially false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

Defendant would mail packages to customers who had made purchases from an online business, MVC, which was jointly operated by defendant and co-defendant. In doing so, defendant would pay for postage and insurance on those packages. Even though those packages were not rifled or damaged in transit, defendant submitted false claims with the Postal Service, claiming that the packages had been rifled or damaged in the mail stream.

Upon processing the false and fraudulent claims filed by defendant, the Postal Service would issue and mail checks to defendant, codefendant, or MVC to cover the purported losses. Upon receipt of those checks, defendant deposited the checks into bank accounts owned by defendant and co-defendant. By devising, participating in, and executing this fraudulent scheme described above, defendant and co-defendant submitted approximately 894 indemnity claims for "damaged" or "missing content" parcels. The Postal Service approved 848 of these claims, in amounts ranging from $50 to $300, which caused the Postal Service to pay defendant and codefendant at least $79,455 to which they were not entitled.

With respect to the specific execution of the scheme to which defendant pleaded guilty, on September 4, 2016, defendant, for the purpose of executing the above-described scheme to defraud, willfully caused Postal Service Check No. 0310940937, payable to defendant in the amount of $100, to be placed in an authorized depository for mail matter to be sent and delivered by the Postal Service according to the directions thereon. (PSR ¶¶ 11-14; Plea Agreement ¶ 10; Dkt. 38.)

**III. THE PRESENTENCE INVESTIGATION REPORT'S FINDINGS AND CALCULATIONS**

The government agrees with the PSR's calculation of defendant's offense level: a base offense level of seven, pursuant to U.S.S.G. § 2B1.1; a six-level enhancement for causing losses greater than $40,000, but not more than $95,000, pursuant to U.S.S.G § 2B1.1(b)(1); and a two-level reduction for acceptance of responsibility. (PSR ¶¶ 25-27, 33.)

Consistent with the parties' plea agreement, the government further recommends a one-level downward variance based on the factors set forth in 18 U.S.C. § 3553(a)(1)-(7), including defendant's personal history and characteristics and the unique circumstances of this case. (Plea Agreement ¶ 3.) As set forth in the PSR, defendant experienced substantial hardships throughout her childhood and young adulthood. (PSR ¶¶ 44-61.) More specifically, despite a tumultuous upbringing with little to no parental supervision and becoming a teenage mother, defendant obtained three college degrees (including two master's degrees) and is now a "pillar of the teaching community." (Id.; PSR ¶ 106.) With this further decrease, defendant's total offense level would be 10.

The government also agrees with the PSR's calculation of defendant's criminal history category of I, based on no criminal history points. (PSR ¶ 39.)

With the government's recommended variance, the applicable Guidelines range is six to 12 months' imprisonment. Absent the variance, the range would be eight to 14 months' imprisonment. In either case, because the total offense level falls within Zone B, the Guidelines authorize a sentence of probation that includes, among other things, home detention as a substitute for imprisonment. U.S.S.G. § 5C1.1(c). The authorized term of probation is between one and five years. 18 U.S.C. § 3561(c)(1); U.S.S.G. §§ 5B1.1(a)(2), 5B1.2(a)(1).

**IV.   THE GOVERNMENT'S RECOMMENDED SENTENCE**

Based on the factors set forth in 18 U.S.C. § 3553(a), and consistent with the government's obligations in the plea agreement, the government recommends that the Court sentence defendant to probation including a condition of six months of home detention, and an order to pay $79,455 in restitution to the United States Postal Service and the $100 special assessment.

The government submits that the recommended sentence is sufficient but not greater than necessary to account for the factors set forth in 18 U.S.C. § 3553(a). Defendant devised, participated in, and executed a long-running scheme to defraud the Postal Service of nearly $80,000. Her repeated deception and the resulting loss warrants punishment severe enough to deter defendant and to promote respect for the law. Defendant's conviction of the felony offense in this case, as well as a sentence of probation that includes home confinement, and the order to pay full restitution to the Postal

4

Service, will account for the nature and circumstances of the crime, and serve as a deterrent to future crimes by the defendant.

There are mitigating factors, however, that support a non-custodial sentence. Defendant has no prior criminal history – not even an arrest. (PSR ¶¶ 36-42.) She promptly accepted responsibility for her conduct in this case, and has complied with the law and the terms of her release since the initiation of this case.

The government thus recommends a term of probation, but recommends the added condition of six months of home detention. Probation alone is insufficient, particularly given the repeated and prolonged nature of defendant's deliberate deception. A further modest deprivation of liberty is warranted. Defendant's crime was not a one-time mistake but willful conduct that carried on for years. The added condition of home confinement is therefore needed to reflect the seriousness of defendant's felony and as an added deterrent to prevent defendant from committing further crimes.

**V. RESTITUTION**

Pursuant to 18 U.S.C. § 3663A, restitution in this case is mandatory. Defendant's conduct resulted in actual losses of $79,455 to the United States Postal Service. (PSR ¶ 103.) Thus, the Court should order defendant to pay a total of $79,455 in restitution to the United States Postal Service. See 18 U.S.C. § 3663A; U.S.S.G. § 5E1.1(a)(1).

**VI. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court impose a sentence of probation including six months of home detention and order defendant to pay $79,455 in restitution and the $100 special assessment.